RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

HENRY C. DARMSTADTER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone: (202) 307-6481
Fax:  (202) 307-0054
Email: henry.c.darmstadter@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
Southern District of California
*Of Counsel*

*Attorney for the United States of America*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARY A. FRANKLIN, MARSI R. FRANKLIN, CAROLYN L. WYNNE and STATE OF CALIFORNIA FRANCHISE TAX BOARD,<br><br>Defendants.<br>_____ | Case No. **'18CV2542 LAB KSC**<br><br>**UNITED STATES OF AMERICA'S COMPLAINT TO REDUCE FEDERAL INCOME TAX ASSESSMENTS TO JUDGMENT AND TO FORECLOSE FEDERAL TAX LIENS** |

COMES NOW, the United States of America (hereinafter "the United States"), by its undersigned counsel, and complains and alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action brought by the United States to (a) reduce to judgment federal income tax assessments made against defendant Mary A. Franklin, (b) set aside fraudulent transfer and determine nominee and alter ego status of defendant Marsi F. Franklin, and (c) foreclose federal tax liens against a parcel of real property located at 1161 Coronado Avenue, Spring Valley, California 91977.

2. This action is commenced pursuant to Sections 7401 and 7403 of the Internal Revenue Code (26 U.S.C.), at the direction of the Attorney General of the United States, with the authorization and sanction and at the request of the Chief Counsel of the Internal Revenue Service (IRS), a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1340 and 1345, and pursuant to §§ 7402 and 7403 of the Internal Revenue Code (26 U.S.C.).

4. Venue is proper in the Southern District of California because defendant taxpayer Mary A. Franklin resides in this judicial district, the federal tax liabilities that are the subject of this action arose in this judicial district, and the

property that is the subject of this action is located within this judicial district.  28 U.S.C. §§ 1391 and 1396.

**IDENTIFICATION OF THE PROPERTY SOUGHT TO BE FORECLOSED**

5. The real property that is the subject of this action, located at 1161 Coronado Avenue, Spring Valley, California  91977, is situated in the County of San Diego, State of California ("Spring Valley Property").  The legal description of the Spring Valley Property (Tax Parcel Numbers 579-392-22 and 579-392-02) is as follows:

> LOT 4, BLOCK 43 OF EAST SAN DIEGO VILLA HEIGHTS, IN THE COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEROF NO. 1317, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, FEBRUARY 21, 1911.
>
> THE NORTH HALF OF LOT 2 AND ALL OF LOT 3 IN BLOCK 43 OF SAN DIEGO VILLA HEIGHTS, ACCORDING TO MAP THEREOF NO. 1317, FILED IN THE COUNTY RECORDER OF SAN DEIGO COUNTY, FEBRUARY 21, 1911.

6. On or about February 12, 1986, part of the Spring Valley Property (Parcel No. 579-392-02 being Lot 2 and 3, Block 43) was transferred to Defendant Mary A. Franklin, a single woman, by Grant Deed recorded with the San Diego County Recorder's Office on April 22, 1986.

7. On or about May 2, 1998, the remainder of the Spring Valley Property (Parcel No. 579-392-22 being Lot 4, Block 43) was transferred to Defendant Mary A. Franklin, an unmarried woman, by Grant Deed recorded with the San Diego County Recorder's Office on July 5, 1988.

8. On or about July 7, 2016, the Spring Valley Property was nominally conveyed by defendant Mary A. Franklin to defendant Marci R. Franklin, a single person by Quit Claim Deed recorded with the San Diego County Recorder's Office on July 11, 2016. Pursuant to the Quit Claim Deed, defendant Mary A. Franklin reserved a life estate in the Spring Valley Property for herself.

**DEFENDANTS**

9. Mary A. Franklin resides at 1611 Coronado Avenue, Spring Valley, California 91977. She is named as a defendant because her income tax liabilities are the subject of this action.

10. Carolyn L. Wynne resides at 26228 W. Louise Dr., Buckeye Arizona 85396. She is named as a defendant pursuant to 26 U.S.C. § 7403(b), because she may claim an interest in the Spring Valley Property by reason of a Deed of Trust dated May 3, 1988 and recorded with the San Diego County Recorder's Office on July 5, 1988.

11. Marsi R. Franklin, believed to be Mary A. Franklin's niece and a resident of this district, is named a defendant pursuant to 26 U.S.C. § 7403(b), because she may claim an interest in the Spring Valley Property.

12. The State of California, Franchise Tax Board is named a defendant pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the Spring Valley Property.

# FIRST CLAIM FOR RELIEF: TO REDUCE FEDERAL INCOME TAX ASSESSMENTS AGAINST MARY A. FRANKLIN TO JUDGMENT

13. The United States incorporates by reference the allegations contained in paragraphs 1 through 12, above, as if fully set forth here.

14. In the amounts and for the tax periods set forth below, a duly authorized delegate of the Secretary of the Treasury made timely assessments against defendant Mary F. Franklin, individually, for unpaid federal taxes, penalties, interest, and other statutory additions accruing thereto as follows:

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|---|---|---|---|---|
| 1040 | 12/31/2008 | 11/10/2014 | T[1] | $16,472.00 |
|  |  | 11/10/2014 | ETP | $529.36 |
|  |  | 11/10/2014 | LFP | $3,706.20 |
|  |  | 11/10/2014 | I | $3,387.01 |
|  |  | 11/10/2014 | FPP | $3,243.10 |
|  |  | 10/31/2016 | I | $1,603.76 |
|  |  | 10/30/2017 | I | $957.95 |
| 1040 | 12/31/2009 | 02/18/2013 | T | $60,402.00 |
|  |  | 02/18/2013 | ETP | $1,150.00 |
|  |  | 02/18/2013 | LFP | $13,567.95 |
|  |  | 02/18/2013 | I | $7,270.55 |
|  |  | 02/18/2013 | FPP | $10,552.85 |
|  |  | 04/08/2013 | FC | $33.00 |
|  |  | 10/27/2014 | I | $4,838.45 |
|  |  | 10/27/2014 | FPP | $4,522.65 |
|  |  | 11/02/2015 | I | $3,174.80 |
|  |  | 10/31/2016 | I | $715.68 |
|  |  | 10/30/2017 | I | $1,188.23 |

---

[1] T = Tax; ETP = Estimated Tax Penalty; 26 U.S.C. § 6654; FPP = Failure to Pay Penalty; 26 U.S.C. § 6651(a)(2); LFP = Late Filing Penalty; 26 U.S.C. § 6651(a)(1); I = Interest; FC = Fees and Collection Costs.

5

| Tax Type | Tax Period Ending | Date of Assessment | Amount Assessed | |
|---|---|---|---|---|
| 1040 | 12/31/2010 | 09/01/2014 | T | $7,123.00 |
| | | 09/01/2014 | ETP | $144.17 |
| | | 09/01/2014 | LFP | $950.18 |
| | | 09/01/2014 | FPP | $405.65 |
| | | 09/01/2014 | I | $527.05 |
| | | 04/08/2013 | FPP | $417.83 |
| | | 11/02/2015 | I | $33.75 |
| | | 10/31/2016 | I | $35.55 |
| | | 10/30/2017 | I | $41.25 |
| 1040 | 12/31/2011 | 08/25/2014 | T | $11,294.00 |
| | | 08/25/2014 | ETP | $209.00 |
| | | 08/25/2014 | LFP | $2,203.65 |
| | | 08/25/2014 | FPP | $1,293.26 |
| | | 08/25/2014 | I | $835.13 |
| | | 10/31/2016 | I | $912.45 |
| | | 10/31/2016 | I | $925.22 |
| | | 10/30/2017 | I | $576.48 |
| 1040 | 12/31/2012 | 08/04/2014 | T | $33,654.00 |
| | | 08/04/2014 | LFP | $6,784.65 |
| | | 08/04/2014 | FPP | $2,201.27 |
| | | 08/04/2014 | I | $1,363.16 |
| | | 10/13/2014 | FC | $33.00 |
| | | 11/02/2015 | I | $1,468.17 |
| | | 11/02/2015 | FTP | $4,082.33 |
| | | 10/31/2016 | I | $1,602.07 |
| | | 10/31/2016 | FTP | $904.88 |
| | | 10/30/2017 | I | $1,895.21 |

15. Mary A. Franklin did not timely file federal income tax returns (Form 1040) for the years 2008, 2009 and 2010. Upon her filing delinquent income tax returns for those years (2008, 2009 and 2010), the IRS adjusted the assessments for those periods to reflect the tax amounts shown on the self-prepared returns submitted by Mary A. Franklin.

16. The aforementioned assessments for the years 2011 and 2012 were made based on the self-filed returns of Mary A. Franklin.

17. The IRS gave timely notice to Mary A. Franklin of the tax liabilities referenced in paragraph 14 above, stating the amount of the unpaid tax and demanding payment thereof, by mail to her last known address as required by Section 6303 of the Internal Revenue Code, Title 26 of the United States Code.

18. Despite timely notice and demand for payment of the assessments described in paragraph 14 above, defendant Mary A. Franklin has neglected, failed or refused to fully pay the indebted amounts on those assessments. The assessments plus accrued statutory interest and other statutory additions from the dates of assessment, less any abatements, payments or credits, remain due and owing.

19. The statute of limitations on collection of the tax liabilities for each of the tax years identified in paragraph 14 above, has yet to expire.

20. Since the dates of assessment described in paragraph 14 above, interest and statutory additions have accrued and continue to accrue as provided by law and as of July 26, 2018 , the outstanding balance of the assessments and the accrued interest, and applicable statutory additions, less any payments, credits or abatements, is as follows:

| Tax Type | Tax Period Ending | Balance as of July 26, 2018 |
|---|---|---|
| 1040 | 12/31/2008 | $10,543.78 |
| 1040 | 12/31/2009 | $14.900.15 |

| Tax Type | Tax Period Ending | Balance as of July 26, 2018 |
|---|---|---|
| 1040 | 12/31/2010 | $1,055.43 |
| 1040 | 12/31/2011 | $14,749.19 |
| 1040 | 12/31/2012 | $48,488.74 |
|  | **TOTAL:** | **$89,737.29** |

**SECOND CLAIM FOR RELIEF: TO SET ASIDE FRAUDULENT TRANSFER AND TO DETERMINE NOMINEE AND ALTER EGO STATUS**

21. The United States incorporates by reference the allegations contained in Paragraphs 1 through 20, above, as if fully set forth here.

22. Pursuant to 26 U.S.C. §§ 6321 and 6322, tax liens arose in favor of the United States upon all property and rights to property, whether real or personal, belonging to Mary A. Franklin as of the dates of the assessments described in paragraph 14 above.

23. The Spring Valley Property, more particularly described in paragraph 5 above, is property belonging to defendant Mary A. Franklin. Accordingly, the federal tax liens at issue attached to the Spring Valley Property when the liens arose, and the tax liens have continued to the present to attach to the Spring Valley Property without interruption.

24. On December 31, 2014, the IRS recorded a Notice of Federal Tax Lien against Mary A. Franklin for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31, 2008, with the County Recorder's Office of San Diego County.

25. On March 19, 2013, the IRS recorded a Notice of Federal Tax Lien against Mary A. Franklin for unpaid federal income tax liabilities (Form 1040) for the tax period ending December 31, 2009, with the County Recorder's Office of San Diego County.

26. On September 25, 2014, the IRS recorded a Notice of Federal Tax Lien against Mary A. Franklin for unpaid federal income tax liabilities (Form 1040) for the tax periods ending December 31, 2010, December 31, 2011 and December 31, 2012, with the County Recorder's Office of San Diego County.

27. On July 26, 2017, the IRS recorded a Notice of Federal Tax Lien against Marsi R. Franklin as nominee of Mary A. Franklin for the unpaid federal income tax liabilities (Form 1040) of Mary A. Franklin for the tax periods ending December 31, 2008, December 31, 2009, December 31, 2010, December 31, 2011 and December 31, 2012 with the County Recorder's Office of San Diego County.

28. The transfer of the Spring Valley Property by Mary A. Franklin to Marsi R. Franklin by Quitclaim Deed was without adequate consideration and was made subject to the preexisting federal tax liens of Mary A. Franklin which continue to encumber that property.

29. Mari R. Franklin only holds nominal title to the Spring Valley Property. Mary A. Franklin has remained in continuous use, possession, and control of the Spring Valley Property and has enjoyed all burdens and benefits of ownership. Marsi R. Franklin is and has merely been the nominee or alter ego for Mary A. Franklin with respect to her purported title and ownership of the Spring Valley Property.

30. The transfer of the Spring Valley Property from Mary A. Franklin to Marsi R. Franklin by Quitclaim Deed was intended by Mary A. Franklin to hinder, delay or defraud her creditors, including the United States of America; therefore, the transfer is and was fraudulent and of no effect as to the United States.

31. The transfer of the Spring Valley Property from Mary A. Franklin to Marsi R. Franklin by Quitclaim Deed was made without the exchange of reasonably equivalent value and left Mary A. Franklin with remaining assets which were unreasonably small or insufficient to pay her current and future debts, including her lawful tax liabilities; therefore, the transfer was and is fraudulent and of no effect as to the United States.

32. The transfer of the Spring Valley Property from Mary A. Franklin to Marsi R. Franklin by Quitclaim Deed was made without the exchange of reasonably equivalent value and during a period when Mary A. Franklin intended to incur, or believed or reasonably should have believed that she would incur, debts

beyond her ability to pay as they came due; therefore, the transfer was and is fraudulent and of no effect as to the United States.

33. The transfer of the Spring Valley Property from Mary A. Franklin to Marsi R. Franklin by Quitclaim Deed was made without the exchange of reasonably equivalent value and rendered Mary A. Franklin insolvent; therefore the transfer was and is fraudulent and of no effect as to the United States.

### THIRD CLAIM FOR RELIEF: TO FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY

34. The United States incorporates by reference the allegations contained in paragraphs 1 through 33 above, as if fully set forth here.

35. For all the reasons set forth above, because (1) the subject federal tax liens against Mary A. Franklin were preexisting prior to any purported transfer of the Spring Valley Property to Marsi F. Franklin; (2) the transfer was fraudulent; and (3) Marsi F. Franklin is the alter ego and nominee of Mary A. Franklin, the United States' federal tax liens attach to Spring Valley Property.

36. This Court is authorized under 26 U.S.C. (I.R.C.) § 7403 to order the sale of the Spring Valley Property to enforce the federal tax liens against Mary A. Franklin. The Court is respectfully requested to adjudicate the United States' tax liens on the property and order that the property be sold at foreclosure with a distribution of the proceeds of such sale according to the findings of the Court in respect to the interests of the United States and the other parties.

37. Under 28 U.S.C. Section 7403(c), the United States is entitled to a decree of sale of the Spring Valley Property to enforce its tax liens.

WHEREFORE, the plaintiff, the United States, prays as follows:

A. That this Court determine and adjudge that defendant Mary A. Franklin is indebted to the United States in the amount of $89,737.29 for unpaid federal income tax liabilities for tax years 2008 through 2012 less any additional credits according to proof, plus interest and other statutory additions, as provided by law, that have accrued since July 26, 2018, and that judgment in that amount be entered against Mary A. Franklin and in favor of the United States;

B. That this Court determine and adjudge that the United States has valid federal tax liens against all property and rights to property of Mary A. Franklin, including but not limited to her interest in the Subject Property;

C. That the federal tax liens against Mary A. Franklin encumbering the Spring Valley Property be foreclosed, and the Spring Valley Property be sold to satisfy the liens and outstanding and delinquent federal tax assessments against Mary A. Franklin subject to the rights of the remaining defendants in that property;

D. That this Court determine the validity and priority of all liens on and other interests in the Spring Valley Property and order that the proceeds from any judicial sale of such property be distributed accordingly; and

E. That the United States be granted its costs and attorney's fees herein, and for such other and further relief as this Court deems just and proper.

Dated: November 6, 2018

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Henry C. Darmstadter*
HENRY C. DARMSTADTER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6481
Fax: (202) 307-0054
Email: henry.c.darmstadter@usdoj.gov

ADAM L. BRAVERMAN
United States Attorney
Southern District of California
*Of Counsel*

*Attorney for the United States of America*

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**DEFENDANTS**
Mary A. Franklin; Marsi R. Franklin; Carolyn L. Wynne; and State of California Franchise Tax Board

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Diego County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Henry C. Darmstadter, US Dept. of Justice, Tax Division
PO Box 683, Ben Franklin Station, Washington, DC 20044
(202) 307-6481

Attorneys *(If Known)*

'18CV2542 LAB KSC

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. 7401 and 7403

Brief description of cause:
Reduce federal income tax assessments to judgment and foreclose federal tax liens

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 89,737.29

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE: 
DOCKET NUMBER:

DATE: 11/06/2108
SIGNATURE OF ATTORNEY OF RECORD: /s/Henry C. Darmstadter

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Nature of Suit. Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.